IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| George Barr, ) | C/A NO. 3:05-1208-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States Marshals Service, an agency ) | |
| of the United States of America, and ) | |
| United States Department of Justice, an ) | |
| agency of the United States of America, ) | |
| both by and through the Honorable ) | |
| Alberto Gonzales, Attorney General; and ) | |
| the United States of America, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on Plaintiff's complaint alleging wrongful termination and claims for violation of due process; a violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*; a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; breach of contract without due process; and application of the Back Pay Act, 5 U.S.C. § 5596. Defendants answered Plaintiff's complaint on July 26, 2005, and filed a motion to dismiss or, in the alternative, for summary judgment on November 7, 2005. Plaintiff responded to the motion on December 12, 2005.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation. On July 11, 2006, the Magistrate Judge issued a Report recommending that Plaintiff's ADEA and contract claims be dismissed with prejudice; that Plaintiff's Back Pay Act claim be dismissed without prejudice; that Defendants' motion for summary

judgment be granted as to Plaintiff's Due Process claims; and that Defendants' motion for summary judgment be denied as to Plaintiff's Rehabilitation Act claims. Defendants filed Objections to the Report on July 28, 2006; Plaintiff responded to the Objection on August 10, 2006. Plaintiff's response indicates that he "supports the Recommendation of the Magistrate Judge as written . . . ." Response at 2 (Dkt. # 14, filed Aug. 10, 2006).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, Defendants' Objections, and Plaintiff's Response, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

The Defendants argue in their objections that the Magistrate Judge erred in his Report in failing to recognize that because Plaintiff "could have" sought a stay of his claims in the *Strolberg*[1] case, he should be barred from bringing his Rehabilitation Act claim in this court based upon the doctrine of *res judicata*. This court disagrees. The *Strolberg* court's dismissal of Plaintiff's Rehabilitation Act claim without prejudice for failure to exhaust administrative remedies would only

---

[1]*Strolberg, et al. v. AKAL Security Co., et al.*, D. Idaho Civil Action No. 03-04-S-DOC.

be preclusive to the argument that the *Strolberg* court actually did have jurisdiction. *See Jackson v. Irving Trust Co.*, 311 U.S. 494 (1941); *Hill v. Potter*, 352 F.3d 1142, 1147 (7th Cir. 2003). All the cases cited by Defendants in support of their position address instances where the preclusive case included a final judgment on the merits, one of the prerequisites for the application of *res judicata*. *See Keith v. Aldridge*, 900 F.2d 736 (4th Cir. 1990). Such is not the circumstance here.

IT IS THEREFORE ORDERED that Plaintiff's ADEA claim and contract claims are **dismissed with prejudice**; Plaintiff's Back Pay Act claim is **dismissed without prejudice**; Defendants' motion for summary judgment is **granted as to Plaintiff's Due Process claim**; and Defendants' motion is **denied as to Plaintiff's Rehabilitation Act claim.**

This matter is hereby recommitted to the Magistrate Judge for further proceedings, including the entry of a scheduling order.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 24, 2006

C:\temp\notesB0AA3C\05-1208 Barr v. USM e adopt rr deny motion to dismiss res judicata.wpd