# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA

### COLUMBIA DIVISION

| | |
|---|---|
| GEORGE BARR, )<br><br>           Plaintiff, )<br><br>           v. )<br><br>United States Marshals Service, an agency )<br>of the United States of America, and )<br>United States Department of Justice, an )<br>agency of the United States of America, )<br>both by and through the Honorable Alberto )<br>Gonzales, Attorney General; and the United )<br>States of America, )<br><br>           Defendants. )<br>_____ ) | Civil Action No. 3:05-01208-CMC-JRM<br><br><br><br><br><br>REPORT AND RECOMMENDATION |

By order filed August 24, 2006, the Honorable Cameron M. Currie, United States District Judge, dismissed plaintiff's Age Discrimination In Employment Act claim, state contract claims (with prejudice), and Back Pay Act claim (without prejudice). Defendants' motion for summary judgment was granted as to plaintiff's Due Process claim, and denied as to his Rehabilitation Act claim. The case was remanded to the undersigned for the issuance of a scheduling order and further proceedings with respect to plaintiff's sole remaining claim. The scheduling order was filed on August 31, 2006.

On February 9, 2007, defendants filed their second "Motion to Dismiss, or in the Alternative, for Summary Judgment." Plaintiff filed an opposition memorandum, together with a "Motion to Reinstate Due Process Course of Action" on March 27, 2007. Defendants filed a reply memorandum and response to plaintiff's motion to reinstate his Due Process claim on April 26,

2007.  Plaintiff filed a reply on May 4, 2007.

      1.     Rehabilitation Act

      After the Court's order of August 24, 2006, plaintiff's sole remaining claim was for disability discrimination under the Rehabilitation Act.  The Court adopted the Report and Recommendation of the undersigned, which recommended based on Lloyd v. United States Marshal Service, 2006 WL 367867, *6, that summary judgment be denied as to plaintiff's Rehabilitation Act claim so that he could develop and argue that equitable tolling should apply to his case.  In the present (second) Motion to Dismiss, or in the Alternative for Summary Judgment, defendants now preemptively argue that the Rehabilitation Act claim should be dismissed for failure to exhaust administrative remedies.[1]

      Federal statutes prohibiting employment discrimination contain requirements that an employee, who believes that he has suffered discrimination at the hand of his employer, must proceed through an administrative process of conciliation prior to filing an action in the courts.  The statutes and regulations provide specific time limitations for beginning the administrative process.  Under the Rehabilitation Act, a federal employee must contact the agency EEO counselor within 45 days of the alleged discriminatory act to initiate informal conciliation.  It is undisputed that the 45-

---

[1]Defendants did not raise this argument in their initial Motion to Dismiss, or in the Alternative, for Summary Judgment, placing all their eggs in the basket of claim and issue preclusion.  Defendants stated with confidence that plaintiff's claims would be dismissed under those concepts and in the best interest of judicial economy, it would not bother the Court with other procedural or jurisdictional issues. (Memorandum, p. 2, n.2).  Of course, defendants strategy has not resulted in economy but a multiplication of the proceedings.  In their memorandum filed April 26, 2007, defendants note that they are relying on their exhaustion arguments, and if unsuccessful they "anticipate filing a dispositive motions addressing the merits."  Memorandum, p. 9, n.4.  Defendants' strategy appears to be to subject the plaintiff (and the Court) to successive dispositive motions by raising a series of procedural and jurisdictional arguments, one at a time.  Counsel is admonished that in all cases assigned to the undersigned for pretrial purposes all grounds are to be argued in the initial dispositive motion.

day limitation applies to plaintiff and that he did not contact the EEO representative within the required time.

In Irwin v. Veterans Administration, 498 U.S. 89, 96 (1990), the Supreme Court limited equitable tolling to those situations where the claimant had been diligent but filed a defective pleading within the time proscribed or where the employer's misconduct had caused the claimant to miss the deadline.  Plaintiff argues that equitable tolling should apply the record shows that defendants treated him as a non-federal employee with no rights to proceed through the conciliation process.  This argument has some support. (See exhibits to Huntly affidavit attached to plaintiff's memorandum filed March 27, 2007).  However, plaintiff was not exempt from exhausting his administrative duties due to his ambiguous employment relationship with the government.[2]  He had three choices: (1) contact his EEO counselor within 45 days; (2) file a timely charge of discrimination with the EEOC; or (3) both.  Pollock v. Chertoff, 361 F.Supp.2d 126,132 (W.D.N.Y. 2005).  Plaintiff exercised none of these options.  Further, plaintiff was represented by counsel by at least October of 2003 when he became a plaintiff in Strolberg v. AKAL Securities, Inc. in the District of Idaho.  Counsel made no attempt at exhaustion for almost a year.  The undersigned concludes that plaintiff is not entitled to equitable tolling in these circumstances.

2.     Due Process Claim

As noted above, plaintiff joined the Strolberg litigation in the District of Idaho.  In that case, plaintiff moved to amend the complaint to add a due process claim.  The Court denied the motion on the basis of futility rejecting the due process claim on the merits.  Plaintiff elected not to appeal but to proceed in this Court.  Summary judgment was granted on plaintiff's due process claim

---

[2]Plaintiff was employed by AKAL Security, Inc. which contracted with defendants to provide courthouse security.

in this Court under the doctrine of res judicata. Plaintiff now seeks to reinstate his due process claim based upon the ruling in <u>Strolberg v. AKAL Security, Inc</u>., 210 Fed. Appx. 683, 2006 WL 361596 (9th Cir. 2006) (unpublished) reversing the trial court's order denying the motion to amend in the Idaho case. However, the undersigned concludes that the doctrine of res judicata still precludes plaintiff's due process claim in this Court. See <u>Federated Department Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981) ("(R)es judicata consequences of a final, unappealed judgment on the merits [not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.").

### <u>Conclusion</u>

After reviewing the record, it is recommended that (1) defendants' motion to dismiss, or in the alternative, for summary judgment be granted, and (2) plaintiff's motion to reinstate his due process claim be denied.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

July 17, 2007
Columbia, South Carolina